■ BERNARD TURNER et al., Respondents, v. ANNA MILLIGAN, Appellant.— Appeal from an order of the County Court of Columbia County, entered March 11, 1971 in Columbia County, which granted judgment upon a stipulation, and from the judgment entered thereon. On July 8, 1970 at a pretrial conference a stipulation was made for the compromise and settlement of this action, which set forth the terms for settlement of the boundary line dispute which was the basis of the action. The settlement was conditioned upon a survey indicating the boundary to be approximately half way between two hickory trees mentioned in the stipulation. The record indicates that the stipulation was made between the plaintiffs and the defendant, but it appears that the person thought by the court to be the defendant was actually the defendant's daughter. A map showing the allegedly agreed upon boundary line was prepared by a surveyor on September 4, 1970, but on November 11, 1970 the defendant died prior to the making of the motion which resulted in the order and judgment appealed from. No proceedings were taken in the estate of the deceased defendant and there is, therefore, no legal representative qualified to act on behalf of her estate, and no party has been substituted as defendant. Since defendant died prior to the making of the motion which resulted in the order and judgment appealed from, no proceedings could be taken in the action until substitution of the defendant's representative. No such substitution having yet been made, the order appealed from is void, and the notice of appeal is also void and cannot serve to bring the appeal before this court. (*Solomon* v. *Kittay*, 11 A D 2d 725; *Reoux* v. *Reoux*, 14 A D 2d 648.) This, of course, does not preclude a new motion upon substitution of a proper party defendant. Appeal dismissed, without prejudice, and without costs. Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ., concur.